11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Billy Clyde Sears

Appellant

Vs.                   Nos.
11-01-00226-CR & 11-01-00227-CR B Appeals from Dallas County

State of Texas

Appellee

 

These are
appeals from two offenses of aggravated assault involving the same victim.  We dismiss the appeal from the judgment
adjudicating appellant=s
guilt in Cause No. 11-01-00226-CR, and we affirm the conviction in Cause No.
11-01-00227-CR. 

                                                            Procedural
Background

In Cause
No. 11-01-00226-CR, appellant entered a plea of guilty in May 2000 to the
January 2000 stabbing of Felicia Nails and, pursuant to a plea bargain
agreement, was placed on deferred adjudication community supervision for 8
years and assessed a $200 fine.  The
State filed a motion to adjudicate alleging, among other things, that appellant
had committed a second offense of aggravated assault by shooting Nails in
October of 2000.  The trial court heard
the motion to adjudicate at the same time it conducted the June 2001 trial on
the merits of the October 2000 aggravated assault in Cause No.
11-01-00227-CR.  In Cause No.
11-01-00226-CR, the trial court found that appellant had violated the terms and
conditions of his community supervision, revoked his community supervision,
adjudicated his guilt, and assessed his punishment at confinement for 20
years.  In Cause No. 11-01-00227-CR, the
trial court convicted appellant and assessed his punishment at confinement for
20 years.  

                                                                   Points
of Error








Appellant
addresses both of his appeals in one brief. 
In his first point of error, appellant contends that the evidence is
legally insufficient to support his conviction for the October 2000 shooting of
Nails.  In his second point, appellant
contends that the evidence is factually insufficient to support his conviction
for the October 2000 assault.  In his
third point, appellant argues that the trial court abused its discretion in
revoking his deferred adjudication supervision. 

                                                          Sufficiency
of the Evidence

In
reviewing claims of legal sufficiency, we review all of the evidence in the
light most favorable to the verdict to determine whether any rational trier of
fact could have found the essential elements of the crime beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d
664 (Tex.Cr.App.2000); Clewis v. State, 922 S.W.2d 126 (Tex.Cr.App.1996).  In deciding whether the evidence is
factually sufficient to support the conviction, we review all of the evidence
in a neutral light, favoring neither party, to determine if the verdict is
clearly wrong and manifestly unjust or against the great weight of the
evidence.  Johnson v. State, 23 S.W.3d 1
(Tex.Cr.App.2000); Clewis v. State, supra. 
We review the fact finder=s weighing of the evidence and cannot substitute our judgment for that
of the fact finder.  Cain v. State, 958
S.W.2d 404 (Tex.Cr.App.1997); Clewis v. State, supra.  Due deference must be given to the fact finder=s determination, particularly concerning the
weight and credibility of the evidence. 
Johnson v. State, supra; Jones v. State, 944 S.W.2d 642
(Tex.Cr.App.1996), cert. den=d, 522 U.S. 832 (1997).  As the
finder of fact, the trial court was the sole judge of the weight and credibility
of the testimony.  Adelman v. State, 828
S.W.2d 418 (Tex.Cr.App.1992); DeBolt v. State, 604 S.W.2d 164
(Tex.Cr.App.1980); Austin v. State, 794 S.W.2d 408 (Tex.App. - Austin 1990, pet=n ref=d).  This court has the
authority to disagree with the fact finder=s determination Aonly when the record clearly indicates such a step is necessary to
arrest the occurrence of a manifest injustice.@  Johnson v. State, supra at 9. 








Nails
testified that, when she got off work at 2:00 p.m., she went to her uncle=s house on October 27, 2000.  There was an area in her uncle=s yard under a tree where a lot of her family
and friends would gather to visit, play dominos, and drink beer.  Appellant was there.  Nails talked to appellant, played one hand
of dominos with him, and drank a Acouple of beers@ with him.  Later, around 6:30
or 7:00 p.m., he walked her to her grandmother=s house which was across the street. 
About 10 minutes later, appellant knocked on her grandmother=s door. 
Her grandmother would not open the door because appellant would not
identify himself.  Nails stated that she
knew it was appellant because he was the Aonly one that@ would
Abam on the door like that.@  A
little while later, Nails walked to the store with a girlfriend to get
cigarettes.  Appellant ran up behind
Nails and shot her.  Nails testified
that she knew it was appellant because she recognized his voice when he said, A[B]ye, bitch@; because she turned and saw his face after he shot her as they Astruggled@; and because appellant was swinging at her and she was swinging
back.  Nails was shot in the liver and
had to have surgery. 

Michael
Douglas testified on behalf of appellant. 
Douglas stated that he had been at Athe tree,@ that
he had seen appellant there, and that appellant had gone with him to the beer
store.  Barry Butler testified that he
saw appellant at the Adomino
tree@ and that he went with Douglas and appellant
to the beer store around 7:00 p.m.  Both
Douglas and Butler stated that they then went to appellant=s house and were playing dominos at appellant=s house when appellant was arrested later
that night around 10:00 p.m.  

Appellant
testified that he was cooking brisket, ribs, and steaks on the grill that
afternoon because his girlfriend was coming over that night at about 9:00 p.m.;
that he talked to Nails at the tree; that he went to the beer store with
Douglas and Butler; and that they then went to his house to play dominos.  Appellant stated that Douglas and Butler
were with him at his house when the police came to arrest him.  Appellant testified that he did not shoot
appellant and that he did not own a pistol. 


After
reviewing all of the evidence in the light most favorable to the verdict, we find
that a reasonable fact finder could have concluded that appellant committed the
offense of aggravated assault against Nails in October 2000 and that the
evidence is legally sufficient.  The
evidence, when reviewed in a neutral light, is factually sufficient; and we
find that the conviction is neither clearly wrong nor manifestly unjust as to
be against the great weight of the evidence. 
Appellant=s first two points are overruled.  

                                Decision to
Adjudicate Guilt in Cause No. 11-01-00226-CR

TEX. CODE
CRIM. PRO. ANN. art. 42.12, ' 5(b) (Vernon Supp. 2002) provides in part:








On
violation of a condition of community supervision imposed under Subsection (a)
of this section, the defendant may be arrested and detained as provided in
Section 21 of this article.  The
defendant is entitled to a hearing limited to the determination by the  court of whether it proceeds with an
adjudication of guilt on the original charge. 
No appeal may be taken from this determination.

 

Phynes v. State, 828
S.W.2d 1 (Tex.Cr.App.1992); Olowosuko v. State, 826 S.W.2d 940
(Tex.Cr.App.1992).  Therefore, this
court lacks jurisdiction to consider appellant=s third point of error.  Phynes
v. State, supra; Russell v. State, 702 S.W.2d 617 (Tex.Cr.App.1985), cert.
den=d, 479 U.S. 885 (1986).

                                                               This
Court=s Holding

The appeal
in Cause No. 11-01-00226-CR is dismissed. 
The judgment of the trial court is affirmed in Cause No. 11-01-00227-CR.

 

            PER CURIAM

 

May 9, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.