# JUNE, 1922.

Stephen P. Broom v. The State.

No. 7014. · Decided June 7, 1922.

**1.—Murder—Evidence—Breast Yoke—Weapon Used.**

Where, upon trial of murder, the evidence showed that the killing was done with some kind of bludgeon, and the State introduced in evidence a breast yoke, which was sufficiently identified as the weapon used by the defendant in committing the homicide, there was no reversible error. Following Young v. State, 49 Texas Crim. Rep., 279, and other cases.

**2.—Evidence—Identification of Weapon.**

. The objection to the evidence of the sheriff, and others, in identifying the breast-yoke, on the ground that it was incompetent, immaterial, etc., is untenable.

**3.—Same—Conduct of State's Counsel—Practice in Trial Court.**

The objection to the conduct of State's counsel in demonstrating to the jury the manner in which the blow was struck by the breast-yoke, and which was based on the evidence, is untenable, and there is no reversible error. Following Merka v. State, 82 Texas Crim. Rep., 551.

Appeal from the District Court of Fisher. Tried below before the Honorable W. R. Chapman.

Appeal from a conviction of murder; penalty, fifteen years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

R. G. Storey, Assistant Attorney General, for the State.—Cited cases in opinion.

MORROW, PRESIDING JUDGE.—From a judgment condemning appellant to confinement in the penitentiary for a period of fifteen years for the offense of murder this appeal is prosecuted.

The deceased, Rudolph Krause, the appellant and others, were engaged in picking cotton upon a farm belonging to one Ben Harrison. Appellant demanded of the deceased that he refrain from picking cotton on certain rows, and upon the failure of the deceased to comply, he was struck by the appellant with a breast yoke from a wagon.

From eyewitnesses for the State, it appears that appellant said to the deceased: "Get off of those rows up there. Skip more rows." Deceased failed to obey and appellant went to a wagon which was standing nearby, took the breast yoke in his hands, approached the deceased, raised the breast yoke and said: "Get off those rows. If you don't, I will get you off." Appellant lowered the breast yoke without striking, but a moment later, he turned and struck the deceased, who at the time was on his knees in the act of picking cotton from a stalk. A single blow was struck, and it was fatal.

From appellant's testimony in his own behalf, it appears that the homicide took place about three week after he arrived at the Harrison place and about four days after the deceased came there. The deceased was a German, and in a conversation with appellant, he had asserted the equality of the German people and rulers with those of the United States. Appellant arrived at the cotton field after the others and started to pick two rows. He heard the deceased tell some one to skip five rows. Appellant said not to skip five rows; that he had started on his rows and wanted to complete them. When the deceased began picking upon appellant's rows, he was requested by the latter to get off. The deceased said he would not do so and that no American could put him off. He made a remark about the Kaiser being as good as any American. It seems that at the time of this conversation, appellant had the breast yoke in his hands and turned with the resolution, to quit, when the deceased said: "You American s—n of a b—h, you won't do anything you say you will do." whereupon the appellant struck him. The deceased had his hands in his pocket when he used the language mentioned, and appellant thought he might have a gun and was afraid of him, as he was a larger man. Appellant said he had no idea that he would kill the deceased, and had no intent to do so; that when he realized that he had given him a serious injury, he went to Mr. Harrison and asked him to call a doctor and stated that he had hit a man and hurt him worse than he had intended to do.

The court submitted the issues of murder, manslaughter, self-defense and aggravated assault in the charge, which, so far as we are able to discern, admirably presented the law applicable to the facts in evidence and fully safeguarded the rights of the appellant.

The breast yoke was introduced in evidence. Objecting to it, ap-

pellant asserted' that it was inflammatory and that it was not sufficiently identified. The qualification of the bill, which is supported by the statement of facts, reveals that the breast yoke introduced in evidence was sufficiently identified as the weapon used by ·the appellant in committing the homicide. The evidence showed that there was but one wagon and one breast yoke in the field at the time; that the sheriff took possession of that immediately after the homicide; that he delivered it to the witness Harrison upon whose premises the difficulty took place, and that Harrison, on the witness-stand, identified it as the one received from the sheriff.

We understand the rule of evidence to be that in cases of homicide, the weapon used is admissible in evidence. Young v. State, 49 Texas Crim. Rep., 207; Rodriguez v. State, 32 Texas Crim. Rep., 259; Underhill on Crim. Evidence, (2nd Ed.), Sec. 48.

The evidence of the sheriff and the witness Harrison in identifying the breast yoke was also made the subject of objection upon the ground that it was incompetent, irrelevant and immaterial, and calculated to inflame the minds of the jury. We regard the objection as untenable.

We also deem the objection complaining of the conduct of State's counsel in the argument of the case in demonstrating the manner in which the blow was struck, holding the breast yoke in his hand, without merit. It cannot be denied that there was evidence upon which this argument was founded. Several eyewitnesses described the position of the parties, the time the blow was struck, and the weapon that was used. Moreover, the instrument not being per se a deadly weapon, it was incumbent upon the State, under Article 1147 of the statute, to prove that by the manner in which the instrument was used, that there was an intent to kill. Upon this issue the charge upon aggravated assault is founded; obviously, both the evidence and the argument were pertinent to its solution.

The evidence, we think, is quite sufficient to support the verdict. See Merka v. State, 82 Texas Crim. Rep., 551.

The judgment is affirmed.

*Affirmed.*