**Carl DeBOLT, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 58962.

Court of Criminal Appeals of Texas,
Panel No. 1.

July 16, 1980.

Rehearing Denied Sept. 17, 1980.

OPINION

DALLY, Judge.

This is an appeal from a conviction for the offense of murder. The punishment is imprisonment for seventy-five years.

The appellant raises nineteen grounds of error complaining of the following: the trial court erred in not appointing a psychiatrist of appellant's choosing; the trial court erred in instructing the prosecutor concerning the predicate necessary before admitting a report; an autopsy report, a confession, and a knife were improperly admitted in evidence; the trial court erred in refusing to give the jury instructions requested by the appellant; and the prosecutor made improper jury argument during both the guilt–innocence stage and the punishment stage of the trial.

The appellant contends that the trial court erred in failing to appoint a psychiatrist of his choosing. Appellant prior to trial filed a motion seeking the appointment of a psychiatrist. Art. 46.02, V.A.C.C.P. The motion included a special request for the appointment of a certain named psychologist—not a psychiatrist. The trial court did appoint a psychiatrist but not the psychologist sought by the appellant. In two subsequent motions the appellant sought the appointment of the psychologist he had previously named. The motions were overruled.

■ The appellant contends that the failure to appoint the psychologist of his choice deprived him of a fair trial, effective representation of counsel, and violated due process of law and equal protection. The appellant asserts that as an indigent defendant he could not afford to pay for a psychiatric examination and that Art. 46.02 should be interpreted as providing indigent defendants with expert psychiatric testimony.

■ The appellant misinterprets Art. 46.02 which in part provides:

"Sec. 3(a). At any time the issue of the defendant's incompetency to stand trial is raised, the court may, on its own

Christian Jenkins, court appointed, Corpus Christi, for appellant.

William B. Mobley, Jr., Dist. Atty. and J. Grant Jones, Asst. Dist. Atty., Corpus Christi, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and DALLY, JJ.

motion or motion by defendant, his counsel, or the prosecuting attorney, appoint disinterested experts experienced and qualified in mental health or mental retardation to examine the defendant with regard to his competency to stand trial and to testify at any trial or hearing on this issue."

The purpose of this statute is to provide for the appointment of a *disinterested* expert who through his testimony will help the trial court and jury determine a defendant's competency to stand trial or determine his sanity at the time of the offense. See Art. 46.03, V.A.C.C.P. This appointed expert is not appointed to aid one side or the other during the prosecution of a case. See *Von Byrd v. State*, 569 S.W.2d 883 (Tex.Cr.App. 1979), cert. denied 441 U.S. 967, 99 S.Ct. 2418, 60 L.Ed.2d 1073 (1979). Furthermore, we have been unable to find anything in the record showing harm to the appellant. The appellant did not file a motion for a competency hearing. The appellant testified that he did not commit the murder and the issue of insanity was not raised. No harm has been show. *Cherry v. State*, 488 S.W.2d 744 (Tex.Cr.App.1972), cert. denied, 411 U.S. 909, 93 S.Ct. 1538, 36 L.Ed.2d 199 (1972).

The appointed psychiatrist, the evidence *shows, made a thorough examination of the* appellant and rendered a full written report. The appointed psychiatrist conferred with appellant's counsel prior to trial and administered tests to appellant as suggested by appellant's counsel. The appellant still insists that the trial court erred in refusing to appoint the psychologist selected by him because: (1) the judge failed to advise the appointed psychiatrist of facts and circumstances of the offense as required by Art. 46.02, Sec. 3(c), V.A.C.C.P.; (2) the appointed psychiatrist failed to file his report within thirty days after his appointment; (3) the appointed psychiatrist was furnished prejudicial information by police officers regarding facts of the case; (4) the appointed psychiatrist told the appellant that any statement made by him would be used in the guilt–innocence stage of the trial. We have carefully considered the record in light of the appellant's contentions and overrule all of these grounds relating to the court's refusal to appoint the psychologist named by appellant's counsel.

■ The appellant argues that the trial court erred when the judge instructed the prosecutor as to the proof required to lay a predicate for the introduction of an autopsy report. The appellant contends that such instructions destroy the judge's impartiality and convey to the jury the impression that the judge and the prosecutor are a team. However, the instructions were given outside of the presence of the jury so that no impressions of a team or of partiality could have been conveyed to the jury. The giving of the instruction, if error, was harmless error.

■ The appellant further complains that the autopsy report should not have been admitted in evidence because an inadequate predicate had been laid. The medical examiner for Nueces County, Dr. Rupp, testified that he had the care, custody, and control of all records of the medical examiner's office. He stated that this report was prepared in the regular course of business, by a person with personal knowledge of the act, made at or near the time of the act. Dr. Rupp testified that Dr. Hobbit, a deputy medical examiner, performed the autopsy. Dr. Rupp stated that he had authorized and approved the autopsy by Dr. Hobbit. Appellant argued that there was no evidence that the preparer of the report was a medical doctor and therefore the predicate was inadequate. We disagree and conclude that the autopsy report was properly admitted as a business record. See *Whitfields v. State*, 492 S.W.2d 502 (Tex.Cr.App.1973); Art. 3737e(3), V.A.C.S. Moreover, the autopsy report was a public record and was properly admitted in evidence. Art. 49.25, Sec. 11, V.A.C.C.P. and Art. 3731(a), V.A. C.S.

■ In his next ground of error the appellant argues that it was error to admit the knife used to kill the deceased in evidence without first having it cleaned. The knife when it was removed from the deceased's body had a piece of material at-

tached to it. That piece of material was still attached to the knife. The appellant contends that the knife stunk and should have been cleaned before being introduced in evidence. Appellant argues that the stench prejudiced his case. However, while the appellant's attorney complained of the smell in his objection at trial there was no evidence in the record concerning the smell of the knife. There is nothing presented in the record for this Court to review. Furthermore, this Court has repeatedly held that the weapons with which an offense has been committed are admissible even though they are bloodstained. *Knox v. State,* 487 S.W.2d 322 (Tex.Cr.App.1972); *Pounds v. State,* 230 S.W. 683 (Tex.Cr.App.1921). The admission in evidence of this knife was not error.

■ The appellant contends that the trial court erred in overruling his motion to suppress a confession given by him. He argues that the confession was the result of his arrest and that arrest was unlawful because there was no probable cause. However, even if an arrest and detention are improper that fact alone would not render appellant's confession inadmissible absent a causal connection between the arrest and the confession. *Hamel v. State,* 582 S.W.2d 424 (Tex.Cr.App.1979). In addition to the alleged unlawful arrest the appellant argues that the confession was the result of promises made by police officers that they would release from jail his wife and help her in obtaining assistance if he would confess.

■ In the case at bar the appellant was arrested in Port Arthur along with his wife. The appellant was taken before a magistrate and advised of his constitutional rights. The following afternoon two officers took custody of the appellant to drive him back to Corpus Christi. The officers testified that when they picked the appellant up at Port Arthur he was advised of his constitutional rights as interpreted in *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 594 (1966). During the trip back to Corpus Christi the appellant orally confessed to the crime. The officers and the appellant stopped and ate dinner.

Afterwards the officers told appellant they needed a written statement and the appellant repeated the story. Upon arrival at Corpus Christi the officers had a secretary type up appellant's confession. On each page of the confession the warnings in Art. 38.22, V.A.C.C.P. were written. After the warnings were two questions: "Do you understand the above rights?" and "Do you want to give them up, and make a statement?" The appellant wrote yes after each question and then the appellant signed his name. This was done on each of the three pages of the confession. Where the requirements of Art. 38.22, V.A.C.C.P. are complied with and the appellant acts of his own free will and his statements did not result from the arrest itself, his confession is not vitiated by an unlawful arrest. *Pearson v. State,* 414 S.W.2d 675 (Tex.Cr.App. 1967); *Hamel v. State,* supra.

■ The appellant testified that each time he gave a confession he was under the influence of marihuana. The officers testified that the appellant looked alert and did not appear to be under the influence of any drug. The appellant testified that the officers promised that his wife would be released from jail and would see to it that help was given to her. The officers denied that any promises were made and that in fact appellant's wife had already been released from jail. In this situation where there was disputed testimony there arose a question of fact which the trial court resolved. The trial judge is the exclusive judge of the credibility of the witnesses and the weight to be given their testimony. *Burks v. State,* 583 S.W.2d 389 (Tex.Cr.App. 1979). In the case at bar the trial judge chose not to accept appellant's testimony and found the confession admissible. We cannot find any abuse of discretion. Appellant's contentions are overruled.

■ The appellant also contends the trial court erred in failing to give his requested instructions to the jury regarding confessions. The instructions requested were as follows:

"You are instructed that under our law a confession or admission of a Defendant made while the Defendant was in jail or other place of confinement or in the custody of an officer shall be admissible in evidence if it appears that the same was freely made without compulsion or persuasion and wholly voluntary. Now if you find from the evidence, or you have a reasonable doubt thereof, that at the time of the statement of the Defendant, if such statement there was, to Officer Smith, the Defendant was under the influence of marijuana and reduced to a condition of mental impairment such as to render such admission, if any, not wholly voluntary, then you will completely disregard such admission as evidence for any purpose nor will you consider for any purpose any evidence obtained by the police as a result thereof."

The instructions given by the trial court were as follows:

"You are instructed that under our law an oral or written statement or confession of a Defendant made while the Defendant was in jail or other place of confinement, or in the custody of an officer shall be admitted in evidence if it appears that the same was freely made without compulsion or persuasion. So, in this case, if you find from the evidence, or have a reasonable doubt thereof that prior to the giving of the alleged oral or written confession of the Defendant, if any:

"1. that at the time of the oral or written confession of the Defendant, if such statement there was, to Officer Smith, the Defendant was under the influence of marijuana and reduced to a condition of mental impairment such as to render such oral or written confession, if any, not wholly voluntary;

"2. that Officer Smith, the person taking the alleged oral or written confession, induced the Defendant to make the said confession by persuasion by telling the Defendant that he would see that certain charges against Defendant's wife would be dropped and she would be released from jail if Defend-

ant made an oral or written confession, if any;

then such statement would not be freely made and voluntary, and in such case you will wholly disregard the alleged oral or written confession and not consider either of them for any purpose nor evidence obtained as a result thereof."

The instructions that were given by the trial court were substantially the same as those requested by the appellant. No harm is shown. *Dominquez v. State*, 532 S.W.2d 95 (Tex.Cr.App.1976).

■  The appellant argues that the prosecutor engaged in improper jury argument at several points during the guilt–innocence argument. In two grounds of error the appellant complains of the following argument:

"PROSECUTOR: [The deceased] has been spit on, insulted, everything you can think of. What did that thirteen mean on that tattoo?

"DEFENSE: I object to that, Your Honor. There has been no evidence of anybody spitting on the [deceased]."

The appellant's objection was overruled and the prosecutor continued:

"PROSECUTOR: Well, I was being symbolic. He tries to imply that she was a dope pusher, but even Carl DeBolt says no, she's not a dope pusher, she—apparently they dealt some marijuana, there's a lot of money in marijuana and, you know, your feelings about it may be that it's the worst drug ever made. There's some of you on this jury that went through prohibition, and alcohol used to be outlawed, then it wasn't. The same is true of marijuana, didn't use to be against the law, now it is. I suppose in the future, a good possibility it won't be. But he—what have they brought out about it? They've said, 'Oh, she was married to a drug dealer, always smoking marijuana, had a tattoo on her, didn't wear a brassier.' And one of the—I was—I think it's a proper ruling by the Court—I said, 'Was she a good mother?' 'Objection.' 'Well, I'll let you go that

far.' You found out one or two good things about her. You found out she was a good mother and that she was shy, nothing else. I couldn't tell you about her history, where there's good point to her, but we went over and over—at least Mr. Jenkins did—telling you about—trying to make, I guess, it sounds like it's not quite so bad to kill Ellen Treadway.

"DEFENSE: I'll object—I'll object to this, Your Honor. I just don't think it's proper jury argument, and I'll request the Court to have Mr. Rhodes limit his argument."

Again, appellant's objection was overruled.

■ The appellant asserts that the comments were highly inflammatory and prejudiced the appellant. However, at trial, objection was raised because there was no evidence presented of any spitting. The objection made at trial does not comport with the ground of error raised on appeal. *Miller v. State*, 566 S.W.2d 614 (Tex.Cr.App. 1978). As to appellant's second objection to the jury argument, the objection was general and insufficient to preserve error. *Lamberson v. State*, 504 S.W.2d 894 (Tex. Cr.App.1974); *Patterson v. State*, 509 S.W.2d 857 (Tex.Cr.App.1974); *Cox v. State*, 523 S.W.2d 693 (Tex.Cr.App.1975); *DeRusse v. State*, 579 S.W.2d 224 (Tex.Cr. App.1979). Nothing is presented for review.

Furthermore, this Court has repeatedly stated in order for an improper jury argument to constitute reversible error, it must be either extreme or manifestly improper or inject new and harmful facts. *Duffy v. State*, 567 S.W.2d 197 (Tex.Cr.App.1978), cert. denied 439 U.S. 991, 99 S.Ct. 593, 58 L.Ed.2d 666 (1978). In the case at bar there was evidence produced at trial that the deceased was a heavy smoker of marihuana and that she was married to an alleged drug dealer. The prosecutor's remarks were an attempt to minimize the impact of that evidence.

■ The appellant also contends that the trial court erred in overruling appellant's objection to the prosecutor during argument getting down on his knees and mimicking the act of slamming a knife into a body. There was evidence that this was the manner in which the deceased was killed. The prosecutor's actions were not improper. *Broom v. State*, 92 Tex.Cr.R. 65, 242 S.W. 236 (1922).

■ Appellant contends that the prosecutor's remark during argument, "I hate Carl DeBolt for what he did," constituted reversible error. The trial court sustained appellant's objection and the jury was instructed to disregard the comment. But appellant's motion for mistrial was overruled. This argument, though improper, was rendered harmless by the trial court's prompt instruction to disregard the remark by the prosecutor. *Willis v. State*, 518 S.W.2d 247 (Tex.Cr.App.1975).

The appellant also objects to the following argument by the prosecutor:

"So, what I ask you to do, he's [defense counsel], going to stand up here in a second, and I assume he's going to try to tell you that his man did not commit the crime—but that we didn't prove it, is what he's going to say, I would imagine. Not that he didn't do it, but that we didn't prove it. And I just ask you to ask yourself while he's talking, just ask yourself, is he telling you the truth or is he doing like he did with this—"

Appellant's objection was overruled and the prosecutor did not pursue this line of argument. We conclude that it is impossible to determine exactly what the prosecution was trying to imply by these comments. Since the prosecutor's statements were not completed no harm has been shown.

■ The appellant contends that he was denied a fair trial when the prosecutor stated the following during the guilt–innocence stage of the trial:

"[W]hat I'm mainly concerned with is he is not out among the public, living next door to me or next door to you or to anybody else.

"DEFENSE: I'll object, Your Honor, that's a prejudicial, inflammatory statement."

The objection was overruled. A comment similar to this was made during the punishment stage of the trial. The objection there was sustained and the jury told to disregard the comment, but a motion for mistrial was overruled. Appellant's objection was general and he did not request relief in the form of an instruction. Nothing is presented for review. *DeRusse v. State*, supra; *Cox v. State*, supra; *Patterson v. State*, supra; *Lamberson v. State*, supra. In addition the argument was a proper plea for law enforcement. *Nichols v. State*, 504 S.W.2d 462 (Tex.Cr.App.1974).

 During the punishment stage of the trial the appellant objected to the following statements by the prosecution:

"I don't know that he will suggest to you an amount of time for the man to spend in the penitentiary, but compared to what he has done to [the deceased], I don't see any way you could consider any mitigation of punishment. The mitigation has been done from—he is not receiving the death penalty, and he is getting at most, life in prison, so that seems like a pretty good deal to me, that's pretty good mitigation right there."

The appellant's objection was sustained and the jury instructed to disregard the statements concerning the death penalty. Appellant's motion for mistrial was denied.

Usually, any harm resulting from an improper jury argument by the prosecutor is obviated when the objection to the instruction is sustained and the jury instructed to disregard the argument. The argument complained of was not so inflammatory or prejudicial that the argument's harmful effect could not be removed by the instruction to disregard. *Green v. State*, 523 S.W.2d 687 (Tex.Cr.App.1974).

The appellant's final ground of error concerns the prosecutor's jury argument during the punishment stage of the trial. The prosecutor stated:

"You're not going to change him by sending him to prison. You might give him some kind of a prefrontal labotomy and make him into a vegetable, because you're not—"

The trial court overruled appellant's objection. The appellant contends that the argument was prejudicial and was intended to inflame the minds of the jurors.

We agree that the argument was improper and not as the State contends, a proper plea for law enforcement. However, we conclude that the improper jury argument was not extreme or manifestly improper so as to constitute reversible error. *Duffy v. State*, supra. Appellant's ground of error is overruled.

The judgment is affirmed.