Monte Jay TARVER, Appellant,

v.

STATE of Texas, Appellee.

No. A14–81–773CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 20, 1983.

Michael Ramsey, Houston, for appellant.

Timothy Taft, Don Stricklin, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and ROBERTSON, JJ.

JUNELL, Justice.

Appellant was indicted for the offense of possession of a controlled substance (cocaine); he entered a plea of not guilty. The court found appellant guilty and assessed punishment at ten (10) years probation plus a fine of $10,000.00.

The Internal Affairs Division of the Houston Police Department (HPD) began an investigation of appellant in April, 1981.

Tarver was a sergeant with the Houston Police, working as supervisor of the airport narcotics detail. HPD chemists prepared a "tracer" sample of cocaine weighing approximately 236 grams, placed it in a piece of luggage from the property room and gave it to other officers who took it to appellant at the airport and told him that it had been abandoned.

Appellant then took custody of the bag and informed the other officers that he would weigh and tag the contraband. Shortly thereafter, Tarver told the other officers that the drugs weighed 197 grams. Appellant asked another officer to take the cocaine to the HPD narcotics lock box at police headquarters in downtown Houston. Tarver said he was going home. A surveillance crew followed appellant and apprehended him a short distance from the police station. His briefcase contained about thirty-five grams of cocaine, in a clear plastic vial, a plastic film container and a plastic bag.

By way of two grounds of error, appellant contends (1) the trial court erred in convicting him of the offense because the Controlled Substances Act is inapplicable to police officers engaged in the lawful performance of his duties; and (2) the evidence is insufficient to prove that appellant's possession of cocaine was not an act by a police officer engaged in the lawful performance of his duties.

Tex.Rev.Civ.Stat.Ann. art. 4476–15 § 5.10(c) (Vernon 1976) provides, "no liability is imposed by this Act upon any authorized state, county, or municipal officer, engaged in the lawful performance of his duties." The Controlled Substances Act also provides, under § 5.10(a),

It is not necessary for the state to negate any exemption or exception set forth in this Act in any complaint, information, indictment, or other pleading or in any trial, hearing, or other proceeding under this Act, and the burden of going forward with the evidence with respect to any exemption or exception shall be upon the person claiming its benefit.

Appellant acknowledges that he had the burden of going forward with evidence of exemption, but urges that he was relieved of that burden when the state introduced evidence showing that he was an on-duty narcotics officer. The thrust of appellant's contentions is that the state subsequently failed to prove beyond a reasonable doubt that he was not covered by the exemption.

The state counters by stating (1) there was no evidence that appellant was engaged in the lawful performance of his duties when he separated the thirty-five grams from the cocaine seizure, and (2) the evidence is sufficient to show that appellant's possession was not in furtherance of the lawful performance of his duties.

■ Initially, we recognize that the evidence raised the issue of exemption; the state then, as in any other case, had the burden of proof beyond a reasonable doubt that appellant's possession was unlawful.

When the sufficiency of the evidence is questioned, the reviewing court must view the evidence in a light most favorable to the prosecution. The inquiry is not whether this court believes that the evidence at trial established guilt beyond a reasonable doubt, but whether there is evidence from which any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Lopez v. State,* 630 S.W.2d 936 (Tex.Cr.App.1982).

■ The state's testimony established that appellant was alone in his office with the door shut when he weighed and tagged the cocaine. Appellant expressed unusual interest in this particular seizure. His fellow officers noted on previous occasions that appellant displayed symptoms similar to persons who had ingested cocaine. The drugs were found in three non-uniform containers in appellant's briefcase. Even though Tarver was stopped and placed under arrest at a place near the police station, he had turned away from the police station and had driven past two places in which he could have turned around and headed back to the police station. The southbound exit lane from the Pierce elevated leads onto

Houston Avenue in a "protected" right lane; Tarver drove his vehicle from this right hand lane into the left hand lane. Appellant would have had to make a right turn off Houston Avenue to get to the police station. Tarver was apprehended as he was traveling southbound on Trinity Street, shortly before Trinity's intersection with Memorial Drive, a divided roadway leading away from the police station.

Appellant places great emphasis on his showing that he had broken no written policy of the HPD Narcotics Division in cutting a portion of cocaine from the contraband seizure, and that the narcotics division manual makes no mention of methods for handling abandoned contraband. However, that no written policy existed is not controlling, in our opinion; and there was evidence that appellant violated HPD policy by cutting a portion of the cocaine from that which was seized.

HPD officers testified that the police department directs officers to tag seized contraband as a single lot and that separating the seizure was contrary to the customary procedures of the Houston Police. Appellant took custody of the contraband contrary to the police manual's directive that seizing officers are to maintain custody of drugs until they are placed in the lock box at the central police station. Captain S.J. Jones testified that he could think of no legitimate reason for Tarver's cutting thirty-five grams of cocaine from a seizure, and in doing so, appellant deviated from the scope of the lawful performance of his duties.

The evidence raised the issue that appellant may have been subject to the exemption of section 5.10(c). We cannot say that the evidence shows, as a matter of law, that appellant was engaged in the lawful performance of his duties. Therefore, it was the court's duty, as the trier of fact, to judge the credibility and weight of the evidence. *DeBolt v. State,* 604 S.W.2d 164 (Tex.Cr.App.1980); *McKenzie v. State,* 383 S.W.2d 177 (Tex.Cr.App.1964). The court chose to resolve the issue against appellant; there is enough credible evidence to show

that appellant deviated from the lawful performance of his duties in cutting a portion of the contraband from the seizure, placing it in three non-standard receptacles, placing the containers in his briefcase and failing to transport the contraband to the narcotics lock box. The court's determination is conclusive. *See Hernandez v. State,* 538 S.W.2d 127 (Tex.Cr.App.1976); *Vera v. State,* 499 S.W.2d 168 (Tex.Cr.App.1973).

Appellant's grounds of error are overruled; the conviction is affirmed.