11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Durward Dwayne Watson

Appellant

Vs.                   No. 11-01-00367-CR B Appeal from Dallas County

State of Texas

Appellee

 

The trial court convicted appellant of
unauthorized use of a motor vehicle and assessed his punishment at confinement
in a state jail for 1 year and a $1,000 fine. 
We affirm.

In two issues, appellant challenges the legal and
factual sufficiency of the evidence. 
Specifically, appellant contends that the State did not sufficiently
establish that the car stolen from the victim was the car recovered by the
police and did not establish that the driver of the recovered car was
appellant.

In reviewing claims of legal sufficiency, we
review all of the evidence in the light most favorable to the verdict to
determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307 (1979); Jackson v. State, 17
S.W.3d 664 (Tex.Cr.App.2000); Clewis v. State, 922 S.W.2d 126
(Tex.Cr.App.1996).  In deciding whether
the evidence is factually sufficient to support the conviction, we review all
of the evidence in a neutral light favoring neither party to determine if the
verdict is clearly wrong and manifestly unjust or against the great weight of
the evidence.  Johnson v. State, 23
S.W.3d 1 (Tex.Cr.App.2000); Clewis v. State, supra.  We review the fact finder=s
weighing of the evidence and cannot substitute our judgment for that of the
fact finder.  Cain v. State, 958 S.W.2d
404 (Tex.Cr.App.1997); Clewis v. State, supra. 
Due deference must be given to the fact finder=s determination, particularly concerning the
weight and credibility of the evidence. 
Johnson v. State, supra; Jones v. State, 944 S.W.2d 642
(Tex.Cr.App.1996), cert. den=d,
522 U.S. 832 (1997). 








Dorothy Beavers testified that her 1984 Oldsmobile
Cutlass Supreme had been stolen. 
Beavers described the vehicle as tan with a dark brown roof and stated
that the license plate number was LRN19T. 
On May 20, 2001, Beavers had parked her vehicle in the carport area of
her gated living community.  She last
saw her vehicle on May 20 about 7:00 p.m. 
The next morning when she looked outside, the car was not there, even
though she still had the car keys inside with her.  Beavers stated that she had not given anyone permission to drive
or use her car.  She further testified
that her car did not have any broken windows and that the steering column was
not broken the last time she saw her car on May 20.  

Dallas Police Officer Eddie Reynolds testified
that, on June 4, 2001, while he was on his normal patrol at approximately 1:30
a.m., he noticed a brown Oldsmobile. 
The vehicle=s Abusted vent window@ caught Officer Reynolds= attention, and he ran a
license plate check on the vehicle=s
plate number, LRN19T.  When the report
came back that the vehicle had been reported stolen, Officer Reynolds when
looking for the car and found it entering in an apartment complex.  Officer Reynolds followed and tried to make
a traffic stop.  He turned on his
overhead lights.  However, when he
approached the vehicle to tell the two men inside to put their hands up, the
driver put the car in gear and drove off. 
Officer Reynolds followed.  The
driver of the vehicle Adid
a horseshoe@ in the
complex, driving around a dumpster and parking in a fire lane.  Officer Reynolds testified that the
occupants Abailed out
of the car,@ meaning
that the driver and the passenger each Aopened
the door and fled on foot.@  Officer Reynolds did not have a partner that
night, and he pursued appellant whom he saw jump out of the driver=s side of the vehicle.  Officer Reynolds testified that he
apprehended appellant five to six yards from the vehicle.  The passenger was not found.  The steering column on the vehicle was
broken, and no keys were found to the vehicle. 
Officer Reynolds stated that a Abusted
steering column typically@
indicated that a vehicle was stolen. 
The first two times he was questioned about clothing that the driver and
passenger wore, Officer Reynolds responded that he could not Arecall exactly what
clothing they had on that particular day.@  The third time, Officer Reynolds stated that
appellant had a white shirt and that he thought appellant was wearing blue jean
shorts.  Officer Reynolds consistently
stated that the man who jumped out of the driver=s
side of the car and who he chased and caught was appellant.








Appellant testified that, on June 4, his cousin
dropped him off at the apartment complex at 12:45 a.m. so that appellant could
visit his girlfriend, Tiffany Miles. 
Appellant knocked on the door but he could not Aget in.@  Appellant stated that he Agrew impatient@ and decided to call Miles
from the pay phone at a nearby 7-Eleven. 
He has walking through the complex when two Adudes@
ran past him.  They were saying, ACome on here, here he
comes.@  Appellant testified that he Adidn=t think nothing of it really@ and that he Ajust continued [his]
mission to the store.@  He looked back as he walked through a
breezeway, and an officer pulled a gun on him and told him to get on the
ground.  Appellant complied but told the
officer, AI ain=t done nothing.@ 

Appellant testified that the two men who ran past
him were in his age range.  Appellant
stated that he was wearing a Agray
Tommy Hilfiger T-shirt, some black Polo khaki shorts and some gray and yellow DTY
tennis shoes@; that he
had not worn a white T-shirt and blue jean shorts at anytime that day; and that
he had not driven a brown or tan Oldsmobile that day.  Appellant also testified that neither Miles nor his cousin who
had given him a ride to the apartment complex were present to testify.  

We disagree with appellant=s contention that, because Officer Reynolds
described the stolen vehicle as being Abrown@ and the owner described
her vehicle as Atan
with a dark brown roof,@
the State did not sufficiently prove the Aidentification@ of the stolen car.  The record reflects that both the officer
and the owner identified the vehicle as an Oldsmobile with the license plate
number of LRN19T.  

Appellant also contends that his identity as the
driver was not sufficiently established mainly because of the discrepancies
between his testimony as to his actions and clothing and Officer Reynolds= testimony on the same
topics.  The trial court, as the finder
of fact, was the sole judge of the weight and credibility of the
testimony.  Adelman v. State, 828 S.W.2d
418 (Tex.Cr.App.1992); DeBolt v. State, 604 S.W.2d 164 (Tex.Cr.App.1980);
Austin v. State, 794 S.W.2d 408 (Tex.App. - Austin 1990, pet=n ref=d). 

After reviewing all of the evidence in the light
most favorable to the verdict, we find that a reasonable fact finder could have
concluded that appellant committed the offense of unauthorized use of a motor
vehicle and that the evidence is legally sufficient.  The evidence, when reviewed in a neutral light, is factually sufficient;
and we find that the conviction is neither clearly wrong and manifestly unjust
nor against the great weight of the evidence. 
Appellant=s
issues are overruled. 

 

 








The judgment of the trial court is affirmed.

 

JIM R. WRIGHT

JUSTICE

 

July 11, 2002

Do not publish.  See
TEX.R.APP.P. 47.3(b).

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCall, J.