11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Antonio
Tyrone Tate

Appellant

Vs.                   No. 11-03-00122-CR B
Appeal from Dallas County

State
of Texas

Appellee

 

The trial court convicted Antonio Tyrone Tate of
the offense of theft of a motor vehicle valued at $20,000.00 or more but less
than $100,000.00.  The trial court
assessed his punishment at confinement for 10 years.  We affirm.

                                                            Issues
Raised on Appeal

In two issues, appellant contends that the
evidence is both legally and factually insufficient to support the
conviction.  Appellant argues that the
conviction cannot stand because there was no evidence that anyone saw him steal
the vehicle and because the only evidence the State had linking him to the
stolen vehicle was fingerprint evidence. 

                                                               Standard
of Review








 In order to
determine if the evidence is legally sufficient, we must review all of the
evidence in the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664
(Tex.Cr.App.2000).  In order to determine
if the evidence is factually sufficient, we must review all of the evidence in
a neutral light and determine whether the evidence supporting guilt is so weak
as to render the conviction clearly wrong and manifestly unjust or whether the
evidence supporting guilt, although adequate when taken alone, is so greatly
outweighed by the overwhelming weight of contrary evidence as to render the
conviction clearly wrong and manifestly unjust. 
Vasquez v. State, 67 S.W.3d 229, 236 (Tex.Cr.App.2002); Goodman
v. State, 66 S.W.3d 283 (Tex.Cr.App.2001); Johnson v. State, 23
S.W.3d 1, 11 (Tex.Cr.App.2000); Cain v. State, 958 S.W.2d 404
(Tex.Cr.App.1997); Clewis v. State, 922 S.W.2d 126
(Tex.Cr.App.1996).  We review the fact
finder=s
weighing of the evidence and cannot substitute our judgment for that of the
fact finder.  Cain v. State, supra;
Clewis v. State, supra.  Due
deference must be given to the fact finder=s
determination, particularly concerning the weight and credibility of the
evidence.  Johnson v. State, supra;
Jones v. State, 944 S.W.2d 642 (Tex.Cr.App.1996), cert. den=d, 522 U.S. 832 (1997).  The trial court, as the finder of fact, was
the sole judge of the weight and credibility of the testimony.  Adelman v. State, 828 S.W.2d 418
(Tex.Cr.App.1992); DeBolt v. State, 604 S.W.2d 164 (Tex.Cr.App.1980); Austin
v. State, 794 S.W.2d 408 (Tex.App. - Austin 1990, pet=n ref=d).  

                                                         Evidence
Presented At Trial

Susan Embree testified that she took her 1996
Chevrolet Impala SS car to Richardson Import Auto Center (the shop) in
Richardson to have the fuel pump replaced and to have a few other repairs
made.  The shop had to keep her car
overnight.  At midnight, a police
detective called and notified her that her car had been stolen from the
shop.  Her car was recovered in Oklahoma,
and she picked it up about a week after the theft.  

Embree testified that the car was a Acollectible@
and that, while she drove it as her means of transportation, she entered it in
car shows.  She purchased the car in 1998
for $23,813.23.  At the time of the theft
in 1999, her car was worth over $20,000.00. 


The car was not in Abad,
bad shape@ when she
recovered it in Oklahoma.  However, the
car had Abroke
down@ on the
side of the road because it was stolen before the fuel pump had been
replaced.  She had to have her car
repainted because one of the bay garage doors had fallen on the car and scraped
the paint.  Also, the shattered glass
from the bay door had chipped the paint. 


Embree testified that she did not know
appellant.  She also stated that she had
not given appellant or anyone else permission to remove her car from the
shop.  








Adolph Glatz testified that he owned the
Richardson Import Auto Center.  In his
opinion, Embree=s car was
worth over $20,000.00 in 1999.  Glatz
knew appellant.  Appellant would come
into Glatz=s shop,
walk through, and look around.  Appellant
had even test driven a  Buick Grand
National car about a month or two before the theft.  Glatz further testified that appellant was
last seen in the shop about a month prior to the theft.

Shortly after 11:00 p.m., Glatz received a call
that the alarm at his shop had been triggered. When he arrived, four or
five  police cars were at the shop.  The electric meter had been removed; there
was no power to the shop; and all but one of the eight bay doors were
shut.  Embree=s
car had been driven out of the shop through the one open bay door.  

Another bay door had the windows broken out.  Glatz testified that someone had climbed into
the shop through the broken window and held onto a Buick Grand National car as
he climbed in.   A hand print was
recovered from the Grand National.  Glatz
stated that the cars for sale in his shop were washed once or twice a week and
that all the Grand Nationals had A[d]efinitely@ been washed since appellant had test
driven one.  

Lonnett Kendall, a criminalist with the Richardson
Police Department, was called to the shop that night.  She recovered a latent palm print from a
black 1987 Buick Grand National parked by the bay door with the broken
windows.  It appeared to Kendall that
someone had come through the window and balanced themselves on the car as they
climbed into the building.  The car was
covered all over with a layer of dust except for the right rear panel where the
palm print was found.  Kendall  identified the palm print as appellant=s and testified that the print was less
than 24 - 36 hours old. 

Embree=s
car was found abandoned on the side of U.S. Highway 69, 15 miles North of
Atoka, Oklahoma.   The car was not
functioning, and its metal car  tag had
been covered with a paper tag.  Several
items were seized in an inventory search, including a piece of paper with a
fingerprint that was later identified as appellant=s
print.  

                                                          Sufficiency
of the Evidence








We find that the evidence is both legally and
factually sufficient.  The evidence was
uncontroverted that appellant had test driven a Grand National at least a month
before the theft, that all the cars for sale at the shop were washed once or
twice a week, that appellant=s
palm print recovered from a Grand National was less than 36 hours old, that Embree
brought her car into the shop the day of the theft, and that appellant=s fingerprint was found on a piece of
paper in Embree=s car
when the car was recovered in Oklahoma. 
The record does not support appellant=s
arguments that his print on the Grand National could have been from his test
drive more than a month before the theft or that his print on the piece of
paper inside Embree=s car
could have been from one of his prior visits to the shop.

A rational fact finder could have found all of the
elements of theft[1]
beyond a reasonable doubt; therefore, the evidence is legally sufficient.  Likewise, the evidence supporting guilt is
neither so weak as to render the conviction clearly wrong and manifestly unjust
nor so greatly outweighed by the overwhelming weight of contrary evidence as to
render the conviction clearly wrong and manifestly unjust.  The evidence is, therefore, factually
sufficient to support the conviction.  
Both issues are overruled.

                                                               This
Court=s Holding

The judgment of the trial court is affirmed.

 

TERRY McCALL

JUSTICE

 

January 30, 2004

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCall, J.

                                                                              











[1]TEX. PENAL CODE ANN. ' 31.02
(Vernon  2004) defines the offense of
theft.