Opinion filed May 29, 2008 











 
 
  
 
 







 
 
  
 
 




Opinion filed May 29, 2008 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-07-00213-CR

                                           __________

 

                                 TRAVIS WAYNE ARDOIN, Appellant

 

                                                             V.

 

                                         STATE
OF TEXAS, Appellee

 



 

                                        On
Appeal from the 252nd District Court

 

                                                       Jefferson
County, Texas

 

                                                    Trial
Court Cause No. 97748

 



 

                                              M E
M O R A N D U M   O P I N I O N

The
trial court convicted Travis Wayne Ardoin of the offense of unauthorized use of
a vehicle and assessed his punishment at confinement in a state jail facility
for twenty-three months. We affirm.








It
was undisputed at trial that appellant was arrested while driving a white,
four-door Ford F-350 four-wheel drive work vehicle belonging to homebuilder
Charles AChuck@ Malcolm King. Appellant
testified that he was walking down the street when Aa guy named Gene@
asked him if he wanted to rent the vehicle for drugs.  Appellant stated that he
rented the vehicle twice over a two-day period and that AGene@
had shown him insurance papers and told him the vehicle was his.  Appellant
testified that he only ran from the police because he did not want them to find
the two or three rocks of crack cocaine he had in the vehicle and that, when
the spike strips deflated one of the tires, he ate the rocks of cocaine to
prevent him from being caught.  Appellant did not remember too much about his
arrest because he suffered a seizure from ingesting the cocaine and had to be
transported by ambulance to the hospital.   

After
his conviction, appellant filed a motion for new trial based on the grounds of
newly discovered evidence.  Attached to the motion was Sherman Eugene LeBlanc=s affidavit stating that he
had given appellant permission to drive the vehicle.  At the hearing, LeBlanc
testified that Billy Glass worked for the owner of the vehicle and had given
him a ride in it.  They went to a motel where Glass left with someone else,
leaving the vehicle and the keys.  LeBlanc testified that he knew appellant by
the name of ARed@ and that appellant knew
him by the name of  AGene.@  Appellant was going to
the store, and LeBlanc gave him the keys to the vehicle.  The trial court
overruled the motion. 

In
his sole issue on appeal, appellant contends that the trial court abused its
discretion in denying his motion for new trial.  Appellant contends that the
evidence provided by LeBlanc was essential to the issue of mistake of fact and
that the record supports his conclusion that the trial court abused its
discretion under Keeter v. State, 74 S.W.3d 31 (Tex. Crim. App. 2002). 
We disagree.

The
Court of Criminal Appeals has stated:

Article
40.001 of the Texas Code of Criminal Procedure provides that A[a] new trial shall be
granted an accused where material evidence favorable to the accused has been
discovered since trial.@  
Under that statute, a defendant is entitled to have his motion for new trial
granted if (1) the newly discovered evidence was unknown to him at the time of
trial; (2) his failure to discover the new evidence was not due to his lack of
due diligence; (3) the new evidence is admissible and not merely cumulative,
corroborative, collateral, or impeaching; and (4) the new evidence is probably
true and will probably bring about a different result in a new trial.

 








Wallace v.
State, 106 S.W.3d 103, 107-08 (Tex. Crim. App. 2003) (citing Keeter,
74 S.W.3d at 36‑37).  The trial court=s
ruling will not be disturbed on appeal absent an abuse of discretion, and the trial
court determines Athe
credibility of the witnesses and whether the new evidence is probably true.@  Keeter, 74 S.W.3d
at 37. 

The
record before this court fails to establish that the grounds for a new trial
based on newly discovered evidence have been met.  LeBlanc=s testimony was consistent
with appellant=s
testimony at trial that a man named AGene@ gave him permission to
drive the vehicle.  This was not newly discovered evidence but was evidence
that was corroborative and cumulative and went to the credibility of appellant=s testimony.  The trial
court was the sole judge of the weight and credibility of the testimony both at
the hearing on the motion for new trial and at trial.  Keeter, 74 S.W.3d
at 37; Adelman v. State, 828 S.W.2d 418 (Tex. Crim. App. 1992); DeBolt
v. State, 604 S.W.2d 164 (Tex. Crim. App. 1980).  Further, the record does
not establish that this evidence was not known to appellant at the time of
trial or that any failure to discover was not due to lack of diligence on appellant=s part.  The record
supports the trial court=s
denial of the motion for new trial.  The issue is overruled.

The
judgment of the trial court is affirmed.

 

JIM R. WRIGHT

CHIEF JUSTICE

 

May 29, 2008

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.