Opinion filed August 7, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed August 7,
2008

 

 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00102-CR

                                                    __________

 

                                    CHARLES GILMORE, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                        On
Appeal from the 142nd District Court

                                                        Midland
County, Texas

                                                 Trial
Court Cause No. CR32162

 



 

                                             M
E M O R A N D U M  O P I N I O N

Following
a bench trial, the trial court convicted Charles Gilmore, appellant, of the
state jail felony offense of theft by repetition.  See Tex. Penal Code Ann. ' 31.03(a), (b), (e)(4)(D)
(Vernon Supp. 2007).  The trial court assessed punishment at two years
confinement in the Texas Department of Criminal Justice, State Jail Division. 
We affirm.








The
State charged appellant with the offense of theft by repetition under Section
31.03 of the Penal Code.  Section 31.03(a) provides that A[a] person commits an
offense if he unlawfully appropriates property with intent to deprive the owner
of property.@  Section
31.03(b)(1) provides that A[a]ppropriation
of property is unlawful if it is without the owner=s effective consent.@  The indictment alleged that, on or about
January 7, 2006, appellant Adid
then and there unlawfully acquire and exercise control over property, to-wit: a
welder of the value of less than $1,500 dollars  without the consent of Charles
Sprayberry, the owner thereof, and with the intent to deprive the said owner of
the said property.@ 
The indictment also alleged that appellant had two prior theft convictions. 
Appellant does not dispute that the State proved the prior convictions at
trial.

In
a single issue, appellant challenges the legal and factual sufficiency of the
evidence to support his conviction.  To determine if the evidence is legally
sufficient, the appellate court reviews all of the evidence in the light most
favorable to the verdict and determines whether any rational trier of fact
could have found the essential elements of the crime beyond a reasonable
doubt.  Jackson v. Virginia, 443 U.S. 307, 319 (1979); Jackson v.
State, 17 S.W.3d 664, 667 (Tex. Crim. App. 2000).  To determine if the
evidence is factually sufficient, the appellate court reviews all of the
evidence in a neutral light.  Watson v. State, 204 S.W.3d 404, 414 (Tex.
Crim. App. 2006) (overruling in part Zuniga v. State, 144 S.W.3d 477
(Tex. Crim. App. 2004)); Johnson v. State, 23 S.W.3d 1, 10-11 (Tex.
Crim. App. 2000); Cain v. State, 958 S.W.2d 404, 407-08 (Tex. Crim. App.
1997); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). 
Then, the reviewing court determines whether the evidence supporting the
verdict is so weak that the verdict is clearly wrong and manifestly unjust or
whether the verdict is against the great weight and preponderance of the
conflicting evidence.  Watson, 204 S.W.3d at 414-15; Johnson, 23
S.W.3d at 10-11.  In a bench trial, the trial court, as the finder of fact, is
the sole judge of the credibility of the witnesses and the weight to be given
their testimony.  Adelman v. State, 828 S.W.2d 418, 421 (Tex. Crim. App
1992); DeBolt v. State, 604 S.W.2d 164, 167 (Tex. Crim. App. 1980);
Austin v. State, 794 S.W.2d 408, 412 (Tex. App.CAustin 1990, pet. ref=d).

Charles
Edward Sprayberry testified that he owned Sun Valley Affordable Homes and that
Sun Valley bought and sold used mobile homes.  Appellant testified that he was
released from federal prison in 2002 after serving time on a bank fraud
conviction.  Appellant said that he was paroled to Midland and that he began
working with Sprayberry about six months later.  Sprayberry testified that
appellant moved mobile homes for him.  Sprayberry owned the equipment and tools
including a truck, a trailer, and hydraulic jacks that appellant used in
connection with this work.








Sprayberry
testified that he owned a Lincoln brand welder.  He testified that the welder
was kept in a supply and tool room at his business.  Sprayberry knew that
appellant used the welder from time to time, and on occasion, Sprayberry helped
appellant load the welder into a pickup.  Appellant testified that he used the
welder in connection with moving mobile homes.

Appellant
testified that, upon his release from prison, he had filed a claim for social
security benefits.  He also testified that, at a hearing, he had prevailed on
his claim for back pay benefits.  Following the hearing, appellant had been
told that he would receive his back pay benefits in about a year.  Appellant
testified that he and Sprayberry had reached the following Adeal@: when appellant received his social security
back pay, he would purchase from Sprayberry the equipment and tools including
the welder that were used in connection with moving the mobile homes.   

Sprayberry
testified that appellant could not have a bank account because of his fraud
conviction.  Appellant and Sprayberry arranged for appellant=s social security checks to
be direct-deposited into Sprayberry=s
account.  Sprayberry=s
bank records showed that, on November 21, 2005, appellant=s social security back pay
in the amount of $39,917 was deposited into Sprayberry=s account.  At the time, Sprayberry claimed
that appellant owed him in excess of $41,000.

Sprayberry
testified that he prepared a list showing that appellant owed him $41,600 in
various expenses and that appellant agreed that he owed the listed expenses. 
Appellant introduced into evidence a copy of this list as Defendant=s Exhibit No. 6.  The list
included $2,000 for Atools.@  Sprayberry testified that
Atools@ referred to tools that he
believed appellant had taken from him.  He said that Atools@
did not include the welder because he did not think that the welder was missing
at the time.  He also said that the amount for  Atools@ would have been higher if
the welder had been included.    

Appellant
testified that he purchased the equipment and tools including the welder that
were used in connection with moving mobile homes with the proceeds of his
social security back pay benefits.  He said that ownership of the welder changed
hands on December 2, 2005.  He testified that the word Atools@
on Defendant=s Exhibit
No. 6 included the welder.  Appellant testified that he pawned the welder on
January 7, 2006.  The pawn ticket showed that appellant pawned the welder for
$300.  Appellant said that he had gotten the welder two weeks earlier from
Sprayberry=s shop and
that AMr. Lonnie@ had opened the door of the
shop to let him into the shop.








Lonnie
Seals testified that he had worked for Sprayberry in the past.  Seals said that
appellant asked him to open the shop at Sprayberry=s business so that appellant could get the
welder.  Seals also testified that Sprayberry owned the welder.  Appellant told
Seals that Sprayberry had given him permission to borrow it.  Seals opened the
shop, and appellant and a friend loaded the welder onto a pickup.  According to
Seals, appellant never told him that he owned the welder.  Seals said that he
and Sprayberry retrieved the welder from the pawn shop.

Sprayberry
testified that he did not give appellant permission to take the welder and sell
it or pawn it.  He said that he did not know appellant had taken the welder and
pawned it.

Applying
the above standards of review, the evidence was legally and factually
sufficient to support appellant=s
conviction.  Sprayberry testified that he owned the welder and that he had not
given appellant permission to take it and pawn it.  Appellant testified that he
had purchased the welder from Sprayberry.  As the sole judge of the credibility
of the witnesses, the trial court was free to believe Sprayberry=s testimony and to
disbelieve appellant=s
testimony.  Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). 
On appeal, appellant claims that his belief that he owned the welder negated
the intent element of the theft offense.  However, appellant told Seals that
Sprayberry had given him permission to borrow the welder.  Appellant=s statement to Seals that
he was borrowing the welder was inconsistent with a belief by appellant that he
owned the welder.  The evidence was legally and factually sufficient to
establish that Sprayberry owned the welder, that appellant appropriated the
welder without Sprayberry=s
effective consent, and that appellant unlawfully appropriated the welder with
the intent to deprive Sprayberry of the welder.  We overrule appellant=s issue.

We
affirm the judgment of the trial court.

 

JIM R. WRIGHT

CHIEF JUSTICE

 

August 7, 2008

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.