Opinion filed September 7, 2006
















 
 
  
 
 







 
 
  
 
 




Opinion filed September 7, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-06-00131-CR 

                                                    __________

 

                            DELTON
TYRONE KENDRICK, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                         On
Appeal from the 385th District Court

 

                                                         Midland
 County, Texas

 

                                                 Trial
Court Cause No. CR30588

 



 

                                                                   O
P I N I O N

The
trial court convicted Delton Tyrone Kendrick, upon his plea of guilty, of
possession of cocaine with the intent to deliver.  A plea bargain agreement was not
reached.  The trial court assessed his
punishment at confinement for five years. 
We affirm.








Appellant=s
court-appointed counsel has filed a motion to withdraw.  The motion is supported by a brief in which
counsel professionally and conscientiously examines the record and applicable
law and states that she has concluded that the appeal is frivolous.  Following the procedures outlined in Anders
v. California, 386 U.S. 738 (1967); Stafford v. State, 813 S.W.2d
503 (Tex. Crim. App. 1991); and High v. State, 573 S.W.2d 807 (Tex.
Crim. App. 1978), counsel has identified arguable grounds and presents them in
seven potential points of error.

In the first potential point, counsel questions
the sufficiency of the indictment.  We
agree with counsel=s
conclusion that the indictment meets the requirements of Tex. Code Crim. Proc. Ann. art. 21.02 (Vernon 1989) and states
an offense under Tex. Health &
Safety Code Ann. '
481.112 (Vernon 2003).  This potential
point is without merit.

The second potential point addresses whether the
trial court ruled appropriately on pretrial motions.  As noted by counsel, there were no pretrial
motions; therefore, the trial court could not have erred.  The second potential point does not present
any arguable grounds.

The record reflects that the trial court
sufficiently admonished appellant pursuant to Tex.
Code Crim. Proc. Ann. art. 26.13 (Vernon Supp. 2006) and supports the
trial court=s
conclusion that appellant freely, voluntarily, and knowingly entered his plea
of guilty.  Therefore, the third
potential point lacks any merit.

The record does not support the challenge in the
fourth potential point that appellant=s
waiver of a jury trial was invalid.  The
record does support counsel=s
contention that appellant waived his right to a jury trial, that his counsel
and the State consented to that waiver, and that the trial court accepted that
waiver.  The fourth potential point is
not an arguable point for an appeal.

In the fifth potential point, counsel examines
whether the evidence was both legally and factually sufficient to support the
conviction.  Midland Police Department
Property Detective Geovarcey Mitchell testified that a total of 5.42 grams of
cocaine was recovered, 3.3 grams of which was recovered next to appellant=s feet under the seat directly in front
of where appellant was sitting in the car. 
The male passenger told Officer Mitchell that the cocaine was appellant=s, and appellant told Officer Mitchell
that he was responsible for the total amount. 
During his direct examination, appellant told the trial court that he
took responsibility for Awhat
[he] did@ and that
he was Apleading
guilty for what [he] did.@








The trial court, as the finder of fact, was the
sole judge of the weight and credibility of the testimony.  Adelman v. State, 828 S.W.2d 418 (Tex.
Crim. App. 1992); DeBolt v. State, 604 S.W.2d 164 (Tex. Crim. App.
1980).  An appellate court only reviews
the fact-finder=s weighing
of the evidence and cannot substitute its own judgment for that of the
fact-finder.  Cain v. State, 958
S.W.2d 404 (Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d 126 (Tex.
Crim. App. 1996).  Due deference must be
given to the fact-finder=s
determination, particularly concerning the weight and credibility of the
evidence.  Jones v. State, 944
S.W.2d 642 (Tex. Crim. App. 1996).

When viewed in the light most favorable to the
verdict, any rational trier of fact could have found the essential elements of
the crime beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307 (1979); Jackson
v. State, 17 S.W.3d 664 (Tex.
Crim. App. 2000).  When all of the
evidence is viewed in a neutral light, the evidence supporting guilt is not so
weak that the verdict is clearly wrong and manifestly unjust; and the evidence
contrary to the verdict is not so strong that the beyond-a-reasonable-doubt
burden of proof could not have been met. 
Zuniga v. State, 144 S.W.3d 477 (Tex.
Crim. App. 2004);  Ross v. State,
133 S.W.3d 618 (Tex. Crim. App. 2004); Vasquez
v. State, 67 S.W.3d 229, 236 (Tex.
Crim. App. 2002); Cain, 958 S.W.2d 404; Clewis, 922 S.W.2d 126.
Counsel correctly concludes that the evidence is both legally and factually
sufficient to support the conviction. 
Therefore, the fifth potential point has no merit.

In the sixth potential point, counsel questions
whether the punishment assessed is supported by the record.  Section 481.112(d) defines the offense as a
first degree felony.  The record reflects
that appellant asked the trial court to defer his adjudication of guilt and
place him on community supervision and that the trial court specifically
admonished appellant that just because he entered a plea of guilty and
requested deferred adjudication did not mean that that is what the trial court
would decide to do.  Evidence of
appellant=s prior
nolo contendere pleas and resulting convictions of a 2005 misdemeanor
possession of marihuana offense, a 2001 misdemeanor possession of marihuana
offense, and a 1999 misdemeanor disorderly conduct offense was admitted.  The trial court assessed appellant=s punishment at the minimum authorized
for a person convicted of a first degree felony offense.[1]  A penalty assessed within the range of
punishment established by the legislature will not be disturbed on appeal. Jackson
v. State, 680 S.W.2d 809 (Tex. Crim. App. 1984); Bradfield v. State, 42
S.W.3d 350 (Tex. App.CEastland
2001, pet. ref=d).  No arguable ground for an appeal is presented
in the sixth potential point.








In her final potential point, counsel examines the
effectiveness of trial counsel.  After
examining the entire record before this court, we agree with appellate counsel=s conclusion that appellant was
afforded reasonably effective assistance of counsel at trial.  Wiggins v. Smith, 539 U.S. 510 (2003); Strickland v. Washington, 466 U.S.
668 (1984); Andrews v. State, 159 S.W.3d 98 (Tex. Crim. App. 2005); Hernandez v.
State, 988 S.W.2d 770 (Tex. Crim. App. 1999).  This potential point lacks merit as well.

Counsel has provided appellant with a copy of the
brief and advised appellant of his right to review the record and file a
response to counsel=s
brief.  A response has not been
filed.  Court-appointed counsel has
complied with the requirements of Anders, 386 U.S. 738; Stafford,
813 S.W.2d 503; High, 573 S.W.2d 807; Currie v. State, 516 S.W.2d
684 (Tex. Crim. App. 1974); Gainous v. State, 436 S.W.2d 137 (Tex. Crim.
App. 1969); Eaden v. State, 161 S.W.3d 173 (Tex. App.CEastland 2005, no pet.).

Following the procedures outlined in Anders,
we have independently reviewed the record, and we agree that the appeal is
without merit. We further note that appellate counsel filed a comprehensive
brief in support of her motion to withdraw and has provided appellant with the
most effective representation she could afford him in this case.

The motion to withdraw is granted, and the
judgment of the trial court is affirmed.

 

PER CURIAM

 

September 7, 2006

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.











[1]Tex. Pen. Code Ann. ' 12.32 (Vernon 2003) provides that a person convicted
of a first degree felony shall be imprisoned for a term of not less than five
years and not more than ninety-nine years or life.  An optional fine not to exceed $10,000 is
also authorized.